IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**TIMOTHY R. STEHN,**

    Movant - Customer,

    v.

**U.S. DEPARTMENT OF DEFENSE,**

    Respondent.

Civil Action No. 7:12-mc-1 (HL)

### ORDER

Before the Court is the U.S. Department of Defense's Motion to Dismiss Timothy R. Stehn's Motion to Quash Subpoena (Doc. 4). For the reasons stated more fully below, the Department of Defense's Motion is granted.

I. **FACTS**

On May 11, 2012, Stehn was served with a copy of a United States Department of Defense Inspector General subpoena dated May 8, 2012. The subpoena was addressed to the Custodian of Records, North Carolina Community Federal Credit Union, and it sought certain financial records of Stehn. (Doc. 1, p. 6.) There were several other documents served upon Stehn in addition to the subpoena, including a Notice to Customer. (Doc. 1, p. 2.) In this Notice, written by the Department of the Air Force, Stehn was informed that his financial records were being sought by the Office of the Inspector General for the following purpose:

> To refute or support allegations that during the approximate period of June 2009 through January 2011, you fraudulently claimed and received housing allowances to which you were not entitled, in violation of Uniform Code of Military Justice (UCMJ) Article 121, Larceny and Wrongful Appropriation.

(Doc. 1, p. 2.)

The Notice informed Stehn of the procedures to follow if Stehn wished to file an objection to the investigation of his records. Specifically, the Notice told Stehn to fill out motion paperwork and a sworn statement stating that he was the customer whose records were being requested and that he objected to the release of the records. The Notice further instructed Stehn to file the motion and sworn statement by mailing the statement to the Clerk of Court in Alexandria, VA, Macon, GA, or Raleigh, NC.

On May 29, 2012, Timothy R. Stehn filed a challenge to the Department of Defense's request to access his financial records in accordance with the terms of the Notice. (Doc. 1.) In his challenge, Stehn objected to the Department of Defense's inquiry into his financial records on the grounds that the inquiry violated the Right to Financial Privacy Act of 1978 ("RFPA"). (Doc. 1, p. 8-9.) Stehn argued that the financial records sought by the Department of Defense were not relevant to any legitimate law enforcement inquiry because "my pay records are maintained by Defense Finance and Accounting Services." (Doc. 1, p. 9.) In essence, Stehn argued that because his pay records were held by the Department of Defense, it was unnecessary to retrieve his bank and financial

records. In response to Stehn's objection, the Department of Defense filed its Motion to Dismiss Stehn's Motion to Quash (Doc. 4).

## II. ANALYSIS

In its Motion to Dismiss Stehn's Motion to Quash, the Department of Defense argues that Stehn's objection to the subpoena requesting his financial records should be overruled for three reasons: (1) Stehn's Motion lacks subject matter jurisdiction; (2) Stehn's Motion does not comply with procedural requirements under the RFPA; and (3) Stehn's Motion lacks the legal support required to quash the subpoena.

The Department of Defense's first two reasons center on the contention that Stehn was not timely in filing his objection. Stehn was personally served on May 11, 2012. According to the Notice he received, he was supposed to respond on or before May 21, 2012, ten days after being served. Stehn dated his sworn statement May 21, 2012 and dated his corresponding memorandum May 22, 2012, but the documents were not officially received by the Office of the Clerk until May 25, 2012. The Department of Defense concludes that because the documents were not received until May 25, Stehn filed his objection outside of the allotted ten-day window, and thus, his objection should be dismissed. The Court disagrees.

Because Stehn is proceeding *pro se*, the Court applies a more lenient standard for his pleadings. See Haines v. Kerner, 404 U.S. 519, 521, 92 S. Ct. 594, 596 (1972) (determining that *pro se* complaints are to be held to less

stringent standards than the formal pleadings drafted by lawyers). Under this more lenient standard, the Court finds that Stehn was diligent in objecting to the subpoena and should not have his objections dismissed based on a failure to file within ten days.  The Court declines to decide this case on procedural grounds, and thus moves on with an analysis of the substantive law governing subpoenas under the RFPA.

>Under the RFPA, a court may quash a subpoena
>
>[i]if the court finds that the applicant is not the customer to whom the financial records sought by the Government authority pertain, or that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to the inquiry… If the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed or shall enjoin the Government authority's formal written request.

12 U.S.C. § 3410(c). In Sandsend Financial Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875 (5th Cir. 1989), the Fifth Circuit interpreted this provision to provide three grounds on which to quash an administrative subpoena under the RFPA: "(1) the agency's inquiry [was] not a legitimate law enforcement inquiry; (2) the records required [were] not relevant to the agency's inquiry; or (3) the agency [did] not substantially compl[y] with the RFPA." Id. at 882. In this case, Stehn cannot show that any of these three grounds exists, and

consequently, he cannot show any reason for the subpoena for his financial records to be quashed.

First, the inquiry of the Inspector General and Department of Defense is a legitimate law enforcement inquiry. The Department of Defense submitted the declaration of Jarvis A. Byers, a special agent with the United States Air Force Office of Special Investigations, who provided details about the allegation that Stehn defrauded the United States by receiving unauthorized allowances in violation of 10 U.S.C. § 921. This statement is sufficient to establish that there is a legitimate law enforcement inquiry.

Second, the records that have been subpoenaed are relevant to the agency's inquiry. "For purposes of an administrative subpoena, the notion of relevancy is a broad one." Flatt v. U.S. S.E.C., 2010 WL 1524328 at *4 (S.D. Fla. Apr. 14, 2010) (quoting Sandsend, 878 F.2d at 882). Records requested under the RFPA will be considered relevant so long as they "touch[ ] a matter under investigation." Sandsend, 878 F.2d at 882. In this case, the financial records of Stehn are certainly relevant to the investigation about his alleged fraudulent activity.

Stehn contends that his records are not relevant because his pay records are available through the Defense Finance and Accounting Services. (Doc. 7.) Stehn argues that because his pay roll records are available, there should not be any need to access additional account information. The Court does not agree with Stehn's rationale. The availability of his pay roll records does not negate the

need for his bank records. As pointed out by the Department of Defense, one of the elements of the crime of larceny and wrongful appropriation, the crimes of which Stehn is accused, is proof of the criminal intent to deprive the United States of use of the funds in question. To prove or disprove this element, the Department of Defense needs to review Stehn's bank records to determine what action, if any, he took with the money that he was allegedly overpaid. Therefore, the funds are relevant and necessary for the investigation.

Finally, there is no evidence that the Department of Defense and the Inspector General did not comply with the provisions of the RFPA. Stehn was personally served with actual notice of the subpoena and was given the chance to object. Additionally, the Notice to Customer letter contains the appropriate statutory language from 12 U.S.C. § 3405(2). There is no other indication that any action taken by the Department of Defense fell below the standards outlined in the RFPA.

Based on the analysis above, the Court finds no reason that the subpoena seeking release of Stehn's financial records should be quashed. The RFPA outlines three situations in which it is appropriate to quash a subpoena, and none of those situations exist in the present case. Therefore, the Department of Defense's Motion to Dismiss (Doc. 4) is granted and Stehn's objection (Doc. 1) is denied.

**SO ORDERED,** this 5th day of September, 2012.

                                      */s/ Hugh Lawson*
                                      HUGH LAWSON, SENIOR JUDGE

ebr